## HANCOCK v. WILSON.

**Evidence:** ADMISSIBILITY. It is no objection to the admissibility of evidence that it is not alone sufficient to make out the case of the party offering it. He may first establish some material fact by certain witnesses, whose testimony, although insufficient if unsupported, it would nevertheless be error to exclude.

*Appeal from Buchanan Circuit Court.*

FRIDAY, JUNE 19.

This action is brought upon a writing as follows :

JOHN HANCOCK
    vs.
A. C. ELLIOTT.

I, A. C. Elliott, being duly sworn, do depose and say that I am justly indebted unto John Hancock in the full sum of six hundred and ten dollars, and that the said sum of six hundred

and ten dollars is for money had and received by me of the said Hancock to my own use and benefit, and that the same is now justly due and unpaid. Now, therefore, I, A. C. Elliott, do hereby authorize the Clerk of the District Court of Buchanan County, Iowa, to render judgment against me, and in favor of the said Hancock, for the sum of six hundred and ten dollars, and that stay of execution be had until the 26th day of October, 1870, to draw ten per cent interest after expiration of stay, and I hereby waive and relinquish all homestead and exemption rights held by me as to either real or personal property.

Witness my hand and affidavit this 26th day of October, A. D., 1869.                                                A. C. ELLIOTT.

I hereby guarantee the payment of this judgment at maturity.                                                SAMUEL WILSON.

Subscribed and sworn to before me this 26th day of October, 1869, and certify that the foregoing was executed in my presence by the said A. C. Elliott, to me personally known. Witness my hand and seal.                                JED LAKE,

[L. S.]                                                *Notary Public.*"

The guarantor, Samuel Wilson, being dead, his administrator answers, admitting the execution of the contract for judgment, and the contract of guaranty thereof, by the decedent, Samuel Wilson, in his life time ; it alleges that the principal debtor, Elliott, at the time of the execution of said contract, had real property on which said judgment would have been a lien if it had been then filed ; that plaintiff failed to file the same for fifteen months thereafter, and that in the mean time Elliott has become insolvent, and that it was through the laches of plaintiff that the writing was not filed and judgment rendered thereon so as to become a lien on Elliott's real property. There was a trial by the court without a jury, resulting in a judgment for the defendant. Plaintiff appeals.

*Lake & Harmon*, for appellant.

*J. S. Woodward*, for appellee.

MILLER, CH., J.—On the trial of the cause before the court, the plaintiff offered to prove that at the time of making the loan for which the writing sued on was given, Elliott proposed that if plaintiff would not put the same into a judgment of record he would procure Samuel Wilson to guaranty the payment thereof ; that plaintiff, through his agent, agreed to this; that Elliott procured Wilson's guaranty in pursuance of this agreement for his own benefit and not at plaintiff's request ; that plaintiff did not see or have any conversation with Wilson about the matter, and knew nothing of what inducements or representations Elliott made to him, and that no money was paid over until the paper was returned to the plaintiff with the written guaranty of Wilson thereon. To the introduction of this evidence the administrator objected on the ground " that the matter was a question of law on the guaranty, and no question of fact arose." The court sustained the objection and excluded the evidence, and appellant now assigns this ruling as error.

It seems that the court below decided upon the question of the sufficiency of the proposed evidence, rather than upon that of its admissibility, for certainly this evidence was admissible. Suppose, in addition to the proposed evidence, it had been further proved that the guarantor of the contract had been fully advised of the alleged agreement between plaintiff and Elliott. It would not be claimed, that in such case, the alleged delay of the plaintiff in the filing of the writing with the clerk, in pursuance of the agreement, would be any defense for the guarantor. We do not decide that the defense would or would not be good *without* such knowledge on the part of the guarantor. But clearly if such knowledge was given to the guarantor when he executed the guaranty, the delay in filing the instrument for judgment, according to the understanding and agreement of the parties, would constitute no defense by the guarantor. Now the plaintiff was not required to offer his entire testimony at once. He had the right to prove the proposed contract by certain witnesses and then follow it up with proof of notice or knowledge to the guarantor of such contract by other witnesses. Whether the testimony offered would

have *alone* been sufficient to rebut the defense set up, we do not decide, but it was at least a material part of what would, with the further fact of notice or knowledge on the part of the guarantor, have constituted a complete reply to defendant's answer, and should have been admitted. For the error in rejecting it the judgment will be

REVERSED.